# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

RONNIE LUCAS WILSON,         )
         )
    Plaintiff,         )
         )    No.   3:19-CV-015-DCLC-HBG
v.         )
         )
OFFICER ALAN STEWART,         )
         )
    Defendant.         )

## <u>MEMORANDUM OPINION</u>

This is a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983 in which Plaintiff alleges that Defendant Stewart assaulted him while he was in the Knox County Jail [Doc. 6]. For the reasons set forth below, this action will be **DISMISSED without prejudice** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

On January 15, 2019, the Court entered an order screening Plaintiff's complaint, dismissing all Defendants except Defendant Stewart, and providing Plaintiff thirty days to return a completed service packet for Defendant Stewart [Doc. 9]. Plaintiff returned a summons for Defendant Stewart listing his address as 400 Main Street, Knoxville, Tennessee 37902 [Doc. 11], which is an address at which Knox County maintains a jail and various governmental offices. Deputy Law Director David Wigler, an attorney for Knox County, subsequently notified the Court that Knox County no longer employs Defendant Stewart, however [Doc. 15].

Accordingly, the Court ordered the Sheriff of Knox County and/or Deputy Law Director Wigler to provide the Court with any information to which they had access that may help the U.S. Marshal to effectuate service on Defendant Stewart [Doc. 16 p 2] and Deputy Law Director Wigler did so [Docs. 17 and 18]. The Marshals Service therefore attempted service on Defendant Stewart

at the last known address that Deputy Law Director Wigler provided, but the United States Postal Service returned the certified mail containing the service documents as unclaimed [Doc. 22].

Accordingly, on October 7, 2019, the Court entered an order requiring the Marshals Service to make reasonable efforts to locate Defendant Stewart and warning Plaintiff that if the Marshals Service was unable to locate Defendant Stewart, this action would be dismissed pursuant to Rule 4(m) [Doc. 23 p 3]. The Marshals Service complied with this order but was unable to locate Defendant Stewart, however, as it found eight individuals named Alan Stewart in Tennessee, no forwarding address for Defendant Stewart, and that the address provided for Defendant Stewart was invalid [Doc. 26].

Thus, despite the best efforts of Plaintiff, the Court, and the Marshals Service, Defendant Stewart has not been served with process and the Court will **DISMISS** this action without prejudice as to Defendant Stewart pursuant to Rule 4(m). The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**


s/Clifton L. Corker
United States District Judge